
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEVERLY L. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-440 |
| | ) | |
| COLONIAL SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849
Attorneys for Defendant Colonial School District

Dated: August 14, 2006

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF PROCEEDINGS ...................................................................1

STATEMENT OF FACTS ...................................................................................................1

SUMMARY OF ARGUMENT ............................................................................................3

ARGUMENT ........................................................................................................................4

    A.    Standard of Review .............................................................................................4

    B.    The Complaint Should Be Dismissed With Prejudice Because Plaintiff Failed To Exhaust Her Administrative Remedies ......................4

CONCLUSION .....................................................................................................................6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ditzel v. Univ. of Medicine and Dentistry of N.J.*,
    962 F. Supp. 595 (D.N.J. 1997) .................................................................................5

*Mosel v. Hills Dep't Store, Inc.*,
    789 F.2d 251 (3d Cir. 1986) ......................................................................................4

*Nami v. Fauver*,
    82 F.3d 63 (3d Cir. 1996) ..........................................................................................4

*O'Neil v. Montgomery County Cmty. Coll.*
    2006 WL 1648990 (E.D. Pa. June 12, 2006) ............................................................4

**Statutes and Other Authorities**

42 U.S.C. § 2000e-5(f)(1) ...................................................................................................4

Fed. R. Civ. P. 12(b)(6) ...............................................................................................1, 4

## NATURE AND STAGE OF PROCEEDINGS

The complaint in this action (the "Complaint") was filed on July 20, 2006. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Colonial School District (the "District"), moves the Court to dismiss the Complaint because the Complaint, which purports to assert discrimination claims under the Americans with Disabilities Act ("ADA") fails to state a claim for which relief can be granted because there is no allegation the plaintiff (the "Plaintiff") exhausted her administrative remedies and there is no allegation she brought suit within 90 days of exhausting her administrative remedies.

## STATEMENT OF FACTS

Plaintiff alleges she is disabled because she was unable to perform lunch duty in a school cafeteria due to the noise levels in the cafeteria. Compl. ¶ 7. Plaintiff further alleges the District failed to make reasonable accommodations for this purported disability, allegedly in violation of the ADA. Compl. ¶¶ 7, 9. The Complaint does not allege Plaintiff exhausted her administrative remedies with the Equal Employment Opportunity Commission (the "EEOC") and a copy of a right-to-sue letter is not attached to the Complaint. Paragraphs 6, 7 and 8 of Plaintiff's form Complaint specifically direct Plaintiff to identify whether charges were filed with the EEOC, attach a decision rendered by the EEOC, and identify any administrative appeals the Plaintiff undertook. Plaintiff indicates she filed with the EEOC in Philadelphia a charge on August 27, 2004 and she appealed the decision to the Department of Justice. She does not indicate whether the Department of Justice issued a right-to-sue letter, the date of any such letter, and whether

1

she has otherwise exhausted her administrative remedies. Consequently, it is not possible to determine whether Plaintiff timely filed her Complaint in this Court on July 20, 2006.

## SUMMARY OF ARGUMENT

1. Plaintiff fails to allege she exhausted her administrative remedies.

2. Plaintiff fails to allege she brought suit within 90 days of exhausting her administrative remedies.

3

## ARGUMENT

### A.    Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a complaint if it fails to state a claim on which relief can be granted. In deciding a motion to dismiss, the Court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, if it appears that the plaintiff can prove no set of facts that would entitle her to relief, the Court should grant the motion. *Id.*

### B.    The Complaint Should Be Dismissed With Prejudice Because Plaintiff Failed to Exhaust Her Administrative Remedies

It is settled law that the timely exhaustion of administrative procedures is a precondition to the maintenance of a civil suit under the ADA. *E.g., O'Neil v. Montgomery County Cmty. Coll.*, 2006 WL 1648990, at *2 (E.D. Pa. June 12, 2006). 42 U.S.C. § 2000e-5(f)(1) provides that if the EEOC takes no action on a complaint within a specified period of time, the agency "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . ." *Id.* The Third Circuit has construed this provision to mean that the ninety day time period for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date she receives a right-to-sue letter from the agency. *See, e.g. Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir.1986). The EEOC's right-to-sue letter also informs the claimant that he or she has ninety days after receipt in which to file suit. *See id.* at 252-53.

To state a viable claim in court and survive a motion to dismiss, a plaintiff must allege facts showing that she filed a complaint within the required time period and that

4

the claims she asserts in court are within the scope of the allegations raised in the administrative charge. *See Ditzel v. Univ. of Medicine and Dentistry of N.J.*, 962 F. Supp. 595, 602 (D.N.J. 1997) (dismissing ADA claim because plaintiff did not plead in his complaint that he exhausted administrative remedies). This Plaintiff fails to do so and her Complaint must be dismissed.

Plaintiff indicates she filed with the EEOC in Philadelphia a charge on August 27, 2004 and she appealed the decision to the Department of Justice. She does not indicate whether she has exhausted her administrative remedies or received a right-to-sue letter. Most importantly, she makes no allegation her administrative remedies were exhausted within ninety days prior to July 20, 2006, the date Plaintiff filed her Complaint in this Court. Accordingly, the Court should dismiss the Complaint with prejudice because Plaintiff either failed to exhaust her administrative remedies, or, alternatively, fails to allege she brought suit in this Court within ninety days of exhausting her administrative remedies.

JYM/001255-0987/1441687/1

## CONCLUSION

The Court should dismiss Plaintiff's Complaint with prejudice because she failed to allege she exhausted her administrative remedies. In the alternative, the Court should dismiss the Complaint with prejudice for failure to allege she brought suit in this Court within ninety days of exhausting her administrative remedies.

Respectfully submitted

_____
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS, JAMES, HITCHENS
  & WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6900/5849

Dated: August 14, 2006

6

JYM/001255-0987/1441687/1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEVERLY L. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-440 |
| | ) | |
| COLONIAL SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 14, 2006, I electronically filed the attached **DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using CM/ECF, and that I have mailed by United States Postal Service the document to the following non-registered participant:

> Beverly Lewis
> 804 Sweet Hollow Court
> Middletown, DE 19709

> David H. Williams (#616)
> dwilliams@morrisjames.com
> James H. McMackin, III (#4284)
> jmcmackin@morrisjames.com
> MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
> 222 Delaware Avenue
> P.O. Box 2306
> Wilmington, DE 19899
> (302) 888-6900/5849

Dated: August 14, 2006         Attorneys for Defendants

JYM/001255-0987/1441783/1